UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| JOE JOHNSON § | |
| § | |
| Plaintiff, § | |
| § | |
| Vs. § | CIVIL NO. 8:22-cv-02422-TDC |
| § | |
| THINK COMPUTER CORPORATION § | |
| § | |
| Defendant. § | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE NON-PARTY'S
NOTICE OF REMOVAL AND TO REMAND TO STATE COURT**

Plaintiff, Joe Johnson, submits this Memorandum of Law in Support of his Motion to Strike Non-Party's Notice of Removal and to Remand to State Court, and says:

I.   **INTRODUCTION**

This is a civil suit initially commenced by the Plaintiff on June 15, 2022, against the Defendant, Think Computer Corporation (hereinafter, "Defendant" or "Corporate Defendant") in the District Court for Prince George's County, Maryland ("District Court"). The suit alleged state law claims against the defendant for Invasion of Privacy by Intrusion upon Seclusion (**Count** I), Unjust Enrichment (**Count** II), violation of the Maryland Consumer Protection Act (**Count** III), violation of the Maryland Personal Information Protection Act and Unfair and Deceptive Trade practice (**Count** IV), Negligence (**Count** V), and Intentional Infliction of Emotional Distress (**Count** VI). *See*, (Doc. 2). Plaintiff prayed for judgment against the Defendant "on all of his claims in an amount that [did] not exceed $25,000" and demanded a jury trial. *Id.* On July 20, 2022, in light of the timely filing of the jury demand, the District Court, then transferred the case to the Circuit Court for Prince George's County, Maryland ("Circuit Court"), (Doc. 1, at ¶4).

On July 26, 2022, the Circuit Court issued notice of the transfer to the parties pursuant to Maryland Rule 2-326. *See* (Doc.1-1, p. 5). On September 6, 2022, the Corporate Defendant was served through its resident agent with a copy of the Circuit Court summons and complaint by certified mail. (*Id.*, at ¶5). On September 23, 2022, Aaron Greenspan, ("Greenspan"), who is *not* a named Defendant in the action, filed the instant notice of removal purporting to remove the Circuit Court case to this Court under 28 U.S.C. §1441(a). *See* (Doc. #1). In his removal papers, Greenspan alleges that he, "erroneously sued as Think Computer Corporation, is a defendant", and "this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, as there is complete diversity among all partis, and the amount in controversy exceeds $75,000.00". *Id.* at, ¶¶1, 9. Greenspan then alleges that "pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims." *Id.* at ¶10. Despite being served, the Corporate Defendant has never attempted to remove the action from the Circuit Court and is not currently represented by an attorney who is a member of the bar of this Court.

Plaintiff moves the Court to strike the Notice of Removal because it is a nullity in that it was filed by an individual who is not a party to the action, who is not an attorney nor a member of the bar of this Court and who may not appear on behalf of the corporate defendant. Thus, this case is not properly before the Court and it should therefore be remanded to the Circuit Court, and in any event, the Court lacks diversity federal removal jurisdiction over the state-law based claims in that the amount in controversy does not exceed the threshold jurisdictional amount and there is no basis for exercising supplemental jurisdiction where none of the claims raises a federal question. Pursuant to the safe-harbor provision of Rule 11(c) of the Federal Rules of Civil Procedure, Plaintiff has served the non-party with a motion for sanctions in anticipation of seeking a prefiling injunction, cost and other remedies as a sanction for the improper removal of this State court action.

## II.  LEGAL ARGUMENT

### 1. Aaron Greenspan's Notice of Removal is a Nullity Under 28 U.S.C. §1441 in that He is not a Named Defendant in the Circuit Court action and thus Lacks Standing.

Section 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the ***defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis).

Section 1441(a) plainly contemplates that the removal of a State court civil action of which the district courts of the United States have original jurisdiction, "be removed by the defendant or the defendants". In the instant action, Aaron Greenspan, who is not a "defendant", nor a licensed attorney in the State of Maryland or elsewhere, filed the notice of removal through materially false representations in that in his removal papers he falsely represented to the Court that he, "erroneously sued as Think Computer Corporation, is a defendant." Doc. 1, at ¶1. Nothing could be further from the truth. Greenspan "is the founder, President, CEO, Chairman of the Board of Directors, and 100% owner of Think Computer Corporation." *Greenspan, et al. v. Administrative Office of the United States Courts, et al.*, Civil No. 5:14-cv-2396 (BLF); *see also*, **Exhibit 1**.

Plaintiff's claims here are asserted only against the Corporate Defendant, *not* Greenspan, who is no stranger to litigation, having filed numerous frivolous suits in the United States District Court for the Northern District of California in his unsuccessful efforts to represent the Corporate Defendant. *Think Computer Corp. v. Venchiarutti*, 5:11-CV-5496 (HRL); *Think Computer Corp. v. Dwolla*, 5:13-CV-2054 (EJD); *Think Computer Corp. v. Square, Inc.*, 5:14-CV-1374 (PSG). Simply stated, the plaintiff is the master of the complaint and has the option of naming only those parties that he chooses to sue. *See, Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (quoting 16 J. Moore, *et al.*, Moore's Federal Practice §107.14[2][c], 106-67 (3d ed. 2006)).

3

In any event, a non-party, like Greenspan, may not remove or participate in the removal of a case. *Housing Authority of Atlanta v. Millweed*, 472 F.2d 268, 272 (5th Cir. 1973) (removal jurisdiction cannot be premised on a non-party's presence in the action.). Moreover, an entity, like the Corporate Defendant here, "will not be considered to be a party until it has made an appearance in the state court suit." *T.H. Inc. v. 6218 Investors*, 41 F.3d 235, 237 (5th Cir. 1995). The law is clear that a case filed in state court may be removed to federal court only by the defendant or the defendants. *See*, e.g., *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (quoting 28 U.S.C. §1441(a)). Thus, "A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Id.; see Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *FDIC v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."); *Millweed*, 472 F.2d at 272 (holding that that the district court lacked subject matter jurisdiction over a suit removed by a non-party defendant).

The Supreme Court has noted, albeit in a different context (bankruptcy), that a statute that "authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity. 'Where a statute . . . names the parties granted [the] right to invoke its provisions, ... such parties only may act.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6-7 (2000) (quoting 2A N. Singer, Sutherland on Statutory Construction §47.23, p. 217 (5th ed. 1992)) (alterations in Hartford Underwriters). The same rings true here. Section 1441 authorizes a specific action, *i.e.*, removal, and then designates a particular party empowered to take it, *i.e.*, a defendant. Greenspan is *not* a defendant.

4

The Corporate Defendant has not made an appearance in the state court suit, nor has it removed the case and it would be contrary to the plain language of the statute to allow a non-party, Greenspan, to take that action.

Moreover, the party invoking federal jurisdiction always bears the burden of showing that a federal forum is proper. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). A necessary prerequisite to the party's doing so is that the party is, well, a party. Greenspan isn't, and therefore, he has no standing to invoke the federal removal statue, so federal jurisdiction is improper. *Cf. Valencia*, 976 F.3d at 596 ("As a non-party, Allstate Illinois did not have the right to remove the case to federal court."); *Edgar v. Coats*, 454 F.Supp.3d 502, 520 (D. Md. 2020) (noting "Article III standing is a prerequisite to subject-matter jurisdiction."). For this reason alone, the notice of removal that Greenspan filed purporting to remove the Circuit Court action to this Court is a nullity on the face of the removal statute and it should therefore be stricken.

2. **<u>Aaron Greenspan is not an Attorney, nor is he a member of the bar of this Court and therefore He may not Appear on behalf of the Corporate Defendant.</u>**

Even though Greenspan is not a named defendant; however, he also is not an attorney nor a member of the bar of this Court and cannot appear on behalf of the Corporate Defendant. As noted by the Supreme Court, "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (quoting *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *Myers v. Louden Cty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others.") (Citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam)); *see also* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel").

Notably, the Corporate Defendant has never attempted to remove the Circuit Court action and is not currently represented by an attorney who is a member of the bar of this Court. Greenspan is fully aware that as founder, President, CEO, Chairman of the Board of Directors, and owner of the Corporate Defendant, he may not appear on behalf of the entity and file pleadings on its behalf because the court previously put him on notice of this fact in *Greenspan, et al. v. Administrative Office of the United States Courts, et al.*, Civil No. 5:14-cv-2396 (BLF). Thus, Greenspan's false representation in his removal papers that he, "erroneously sued as Think Computer Corporation, is a defendant", was made for purposes of misleading the court and circumventing the statutory requirement of section 1447 that only a defendant may remove. In any event, to the extent that the notice of removal purports to be filed by Greenspan on behalf of the Corporate Defendant, however, it must still be stricken as the Corporate Defendant may only proceed in federal court through licensed counsel and Greenspan, who is neither a licensed attorney nor a member of the bar of this Court may not appear and represent the Corporate Defendant here or anywhere else.

3. **Diversity Jurisdiction under 28 U.S.C. §1332 Does Not Exist Because the Amount in Controversy Is Less Than The $75,000 Jurisdictional Minimum.**

Lastly, even assuming, *arguendo*, Greenspan was a defendant (which he plainly is *not*), and had standing to invoke the federal removal statute; however, removal would still be improper since diversity jurisdiction does not exist. The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S. Ct. 35 (1921). The removal statutes are strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868 (1941).

6

On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *See, Richardson v. Philip Morris Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (internal quotation marks omitted). This standard reflects that reluctance of federal courts "to interfere with matters properly before a state court." *Id.* A defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, including cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. *See also* 28 U.S.C. §1441(a); *City of Chicago v. Inn Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Greenspan, although not named as a defendant in the Circuit Court action, alleges in his removal papers that "this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, as there is complete diversity among all parties, and the amount in controversy exceeds $75,0000." Notice, at ¶9. Greenspan also alleges that pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the Plaintiff's state law claims, even though no federal claims are alleged in the complaint. *Id.*, at ¶10. No other basis for federal jurisdiction is alleged.

The Fourth Circuit has not determined the exact standard to be applied in ascertaining the amount in controversy in federal diversity cases. *See, e.g., Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 n.2 (D. Md. 2002). However, this Court has reasoned that:

> [i]n determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint. Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed. If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

*Momin*, 205 F. Supp. 2d at 509-10 (internal citations omitted).

Here, in his original complaint and jury demand, Plaintiff limited damages "on all of his claims in an amount that does not exceed $25,000". (Doc. 2, p. 8). This amount is clearly below the statutory jurisdictional minimum. Since the Plaintiff has claimed a specific amount of damages and has limited the amount in controversy to $25,000, the burden would be on Greenspan to show to a *legal certainty* that the Plaintiff's claims in this case exceed the jurisdictional minimum. *Delph v. Allstate Home Mortg.*, 478 F.Supp.2d 852, 854 (D. Md. 2007). Greenspan has not met and cannot meet his burden even if he had standing to bring his removal petition in this action.

First of all, while the Plaintiff has alleged six theories of recovery in the original complaint, however, he cannot receive separate damages on all six theories as Greenspan appear to allege in his removal papers. *See*, Notice, at ¶8. Moreover, contrary to Greenspan's representations, nowhere in the Circuit Court complaint does the plaintiff seek "between $100,000.00 and over $275,000.00 in compensatory damages, based on Plaintiff's request for actual, statutory, and punitive damages, as well as other relief, in his claim." *Id*. These allegations are, at best, speculative. Plaintiff's state law claims in the original complaint relies on the <u>same operative facts</u>. A right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though he "advances a variety of legal theories to support that recovery." *Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 576 F. Supp. 991, 1004 (N.D.Ill.1983) (Shadur, J.). It is plain that the theories of recovery that plaintiff advanced in the original complaint "are merely different bases for a single recovery." *Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir.1988) (defining single "claim" for purposes of Fed. R. Civ. P. 54(b)). Here, the injury alleged and relief sought are the same. It is a "basic tenet that a plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury." *Bragado v. City of*

*Zion*, 839 F. Supp. 551, 555 (N.D. Ill. 1993) (Norgle, J.). Plaintiff's original complaint in the action state <u>different legal theories of recovery for the same injury</u>, *not* separate claims for relief, and they cannot be aggregated to meet the jurisdictional amount of section 1332(a). In *Daniel v. Nationpoint*, No. 2:07-CV-640, 2007 WL 4533121 (M.D. Ala. Dec. 19, 2007), Judge Watkins faced a somewhat similar issue. There, the plaintiffs filed a complaint requesting compensatory and punitive damages not to exceed $74,999, asserting claims for fraudulent suppression, breach of contract, fraud, and negligence. When the defendant contested the plaintiffs' remand motion by claiming the claims should be aggregated, Judge Watkins disagreed, holding that the defendants "failed to show that aggregation is proper." 2007 WL 4533121 at *2. He reasoned that, "[w]hile a plaintiff can sue for both a breach of contract and a tort arising out of a single transaction, the claims are not aggregated because the plaintiff can recover for either but not for both." *Id.* (citing *Combined Serfs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 107 n. 4 (11th Cir.1989)). He also relied on Alabama law, noting how "a plaintiff cannot receive a 'double recovery' for what is essentially one viable cause of action." *Id.* (quoting *Deupree v. Butner*, 522 So.2d 242, 244-45 (Ala.1988)). Yet in *Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 158 F. Supp.2d 866 (N.D.Ill.2001), a district court decided a case more analogous to the one at bar, and did so consistent with Judge Watkins' *Daniel* decision. The plaintiff's complaint in *Holmes* sought damages for personal injury and contained two counts: one for negligence, the other for strict liability. Each made reference to $50,000 in damages, unlike how in this case the plaintiff limited his damages in the original complaint to $25,000. The *Holmes* defendants argued that the plaintiff asserted two distinct claims for $50,000, which, when aggregated, exceeded the jurisdictional threshold. The district court disagreed, holding that "Counts I and II of the plaintiff's complaint ... state different legal theories of recovery for the same injury, not separate claims for relief," meaning that they could not "be

aggregated to meet the jurisdictional amount of §1332(a)." *Id.* at 868. In reaching this result, the *Holmes* court explained the difference between a standalone claim and a theory of recovery:

> Both claims rely on the same facts and allege a failure to warn; all that differs between the two claims are the allegations of the nature of the defendants' duties. *A right of recovery is distinct from a theory of liability;* a plaintiff may have only one right of recovery though she 'advances a variety of legal theories to support that recovery.'

*Id.* (emphasis added) (quoting *Instituto Nacional De Comercializacion Agricola v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 576 F. Supp. 991, 1004 (N.D.Ill.1983)).

Applying this reasoning, the *Holmes* court noted how "[t]he theories of negligence and strict liability are 'merely different bases for a single recovery.'" *Id.* (quoting *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1988)); *see also Palermo v. Fid. & Guar. Ins. Co.*, No. 1:08-CV-218, 2009 WL 88340, at *2 (D. Vt. January 12, 2009) ("claims seeking the same damages under different theories may not be aggregated."). Thus, the district court found aggregation inappropriate and held that the amount in controversy did not exceed the jurisdictional minimum. Simply stated, since the Plaintiff limited his damages in the original complaint "on all of his claims" in the amount of $25,000, and at the time of filing this action in the state court the Plaintiff explicitly estimated the value of this case to be no more than $25,000, the burden would rest with Greenspan to show to a *legal certainty* that the claims in this action exceed the jurisdictional minimum.[1] Greenspan, however, simply cannot meet his burden and this is an independent basis for why the Court should remand this action to the Circuit Court because diversity federal jurisdiction does not exist as the amount in controversy does not exceed $75,000.

---

[1] On the facts alleged in the original complaint in this action, Greenspan could never hope to show to a legal certainty that the Plaintiff could recover "between $100,000.00 and over $275,000.00" in damages as he alleges to be the amount in controversy in his notice of removal, let alone the $75,000 minimum diversity jurisdictional requirement. *See*, Notice, at ¶8.

## CONCLUSION

This case was improperly removed by Greenspan from the Circuit Court of Maryland for Prince George's County because Greenspan is not a named defendant in the action, and therefore, had no standing to invoke the federal removal statute. Moreover, since he is plainly not an attorney, nor a member of the bar of this Court, Greenspan may not appear and file pleadings on behalf of the Corporate Defendant in the action. Finally, Greenspan has failed to prove that federal removal jurisdiction existed at the time of removal since the Plaintiff's claims do not raise a federal issue, and the amount in controversy does not meet the minimum diversity jurisdiction threshold amount. Greenspan thus had no objective reasonable basis for removing this Circuit Court action, and the filing of the removal was in any event a direct violation of Rule 11 of the Federal Rules of Civil Procedure and the Court should retain jurisdiction to entertain a motion for sanctions.

Accordingly, for the reasons set-forth herein, the Court should strike the notice of removal filed by Greenspan and remand this action to the Circuit Court for Prince George's County.

Respectfully submitted,

September 28, 2022

Joe Johnson
Post Office Box 441572
Fort Washington, MD 20749