September 29, 2022


The Honorable Theodore D. Chuang
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20070

RE:     *Joe Johnson v. Think Computer Corporation*, Case No. 8:22-cv-02422-TDC

Dear Judge Chuang:

The undersigned is Plaintiff in the above matter. The undersigned recently filed a Motion to strike the notice of removal and to remand this case to the Circuit Court for Prince George's County pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and 28 U.S.C. §1447(c). This filing took place before the undersigned received notice of the Case Management Order that was apparently filed today and pursuant to that Order, the undersigned requests a *pre*-motion conference to discuss the proposed Motion. As detailed below, and as the undersigned has detailed more fully in the Motion, the Notice of Removal filed in this case by Aaron Greenspan on September 23, 2022, is defective and was filed in violation of the Maryland Rules including, 28 U.S.C. §1446 and a remand is required.

<u>First</u>, the Notice of Removal is facially defective because it was filed by an individual who is a non-party, Aaron Greenspan, and therefore, he had no standing to remove. *Housing Authority of Atlanta v. Millweed*, 472 F.2d 268, 272 (5th Cir. 1973) (removal jurisdiction cannot be premised on a non-party's presence in the action.)*; Edgar v. Coats*, 454 F.Supp.3d 502, 520 (D. Md. 2020) (noting "Article III standing is a prerequisite to subject-matter jurisdiction."). Moreover, an entity, like Defendant, Think Computer Corporation "will not be considered to be a party until it has made an appearance in the state court suit." *T.H. Inc. v. 6218 Investors,* 41 F.3d 235, 237 (5th Cir. 1995). No appearance was made in the state court suit by Think Computer Corporation before the filing of the September 23, 2022 removal.

<u>Second</u>, the Court lacks federal removal diversity jurisdiction over the State law claims. Specifically, in his original complaint and jury demand, Plaintiff limited the damages "<u>on all of his claims in an amount that does not exceed $25,000</u>". (Doc. 2, p. 8). This amount is clearly below the statutory jurisdictional minimum, and since the Plaintiff has claimed a specific amount of damages and has limited the amount in controversy to $25,000, the burden would be on the removing party to show to a *legal certainty* that the claims in this case exceeds the jurisdictional minimum. *Delph v. Allstate Home Mortg*., 478 F.Supp.2d 852, 854 (D. Md. 2007). Thus, remand is necessary.

In addition to seeking remand, the undersigned intends to move for sanctions for the improper removal of this action. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the "safe harbor" provision, a copy of the Motion has been served on the removing party but it has not been filed until after the time required for doing so under the rules.

Therefore, in accordance with the Court's Case Management Order, the undersigned requests a *pre*-motion conference to consider these issues. Also, while remand is entirely proper; however, the undersigned reserves the right to assert any other applicable basis in the motion.

Sincerely,

*Joe Johnson*
Joe Johnson

Cc:    Paul Alan Levy, Esq.