September 29, 2022



The Honorable Theodore D. Chuang
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20070

RE: *Joe Johnson v. Think Computer Corporation*, Case No. 8:22-cv-02422-TDC

Dear Judge Chuang:

Pursuant to the Case Management Order entered in the above captioned matter, the undersigned requests a *pre*-motion conference to discuss the filing of a Motion to strike the Amended Notice of Removal purportedly filed on behalf of Think Computer Corporation on September 28, 2022.

Specifically, as previously noted in an earlier filing and request for *pre*-motion conference, the Notice of Removal was filed by an individual who was not a named Defendant in the State court action, Aaron Greenspan, and he thus had no standing to remove from the State Court, and the initial pleading that he filed is a nullity and therefore could not confer removal jurisdiction. Despite this jurisdictional defect, Think Computer Corporation, on September 28, 2022, filed an Amended Notice of Removal (Doc. 6) purporting to amend the initial Notice of Removal that it plainly did not file. It is the undersigned's position that because the initial removal is a nullity, it follows that any amendment likewise fails – in that the Court never had proper jurisdiction over the removal and any amendment too is a nullity. *Saxon Fibers, LLC v. Wood*, 118 F. App'x 750, 752 (4th Cir. 2005). Furthermore, Think Computer Corporation is not the filer of the initial Notice of Removal, and thus, has no basis for which to amend it under either 28 U.S.C. §1653, or Rule 15 of the Federal Rules of Civil Procedure which plainly states that: "A party may amend *its* pleading once as a matter of course …" (Emphasis). The purported Amended Notice of Removal that it filed on September 28, 2022, thus has no effect and should too be stricken as it cannot amend another's pleadings that it plainly did not file so as to create jurisdiction retroactively where none previously existed.

Therefore, in accordance with the Court's Case Management Order, the undersigned requests a *pre*-motion conference to consider this issue. Also, while remand is entirely proper; however, the undersigned reserves the right to assert any other applicable basis in the motion.

Sincerely,

*Joe Johnson*
Joe Johnson

Cc: Oliver Edwards, Esq.