UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **JOE JOHNSON** | § |
| | § |
|     **Plaintiff,** | § |
| | § |
| Vs. | § CIVIL NO. 8:22-cv-02422-TDC |
| | § |
| **THINK COMPUTER CORPORATION** | § |
| | § |
|     **Defendant.** | § |

**PLAINTIFF'S OPPOSITION TO
MOTION FOR ADMISSION *PRO HAC VICE***

Plaintiff, Joe Johnson, pursuant to Local Rule 101.1(b), opposes the Motion for Admission *Pro Hac Vice* (ECF No. 13), and for that he says:

1. This State Court action was improvidently removed from the Circuit Court for Prince George's County by, Aaron Greenspan, ("Greenspan"), who is an individual that is not a named defendant in the State Court action and therefore lacked standing to invoke the removal jurisdiction of this court under 28 U.S.C. §1447. Plaintiff has moved the court to strike the filing on the basis that the removal petition that Greenspan filed is a legal nullity. (ECF No. 10 & 11).

2. On September 28, 2022, notwithstanding the jurisdictional defect in the removal, Defendant, Think Computer Corporation, filed an Amended Notice of Removal in this case purporting to amend the initial Notice of Removal that Greenspan filed. (ECF No. 6).

3. On September 29, 2022, Plaintiff requested a *pre*-motion conference to discuss the filing of a Motion to strike the Amended Notice of Removal in that it has no legal effect inasmuch as the Court never had removal jurisdiction and any amendment is a nullity, and in any event, Think Computer Corporation was not the filer of the initial Notice of Removal, and it therefore, has no authority to amend it under Fed. R. Civ. P. 15 or 28 U.S.C. §1653. (ECF No. 12).

4. On September 30, 2022, Defendant, Think Computer Corporation requested that a non-member of the bar of the Court, Paul Alan Levy, be admitted *pro hac vice*. (ECF No. 13). Plaintiff opposes the motion. For one, the Court has no jurisdiction over this State Court action, and any action by a court without jurisdiction is "ultra vires" and therefore, is "void". *See, Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

5. Significantly, the *pro hac vice* admission request is an improper attempt to circumvent bar admission in that Mr. Levy was suspended from the bar of this Court and then resigned to avoid the requirement of periodic fees. *See* (ECF No. 13, at p. 4). Moreover, there is no Certificate of Good Standing from each state bar in which Mr. Levy is a member. In particular, there is no Certificate from the District of Columbia Bar nor the New York State Bar, although Mr. Levy lists active admission to practice before the District of Columbia Bar and New York State Bar, and it appears that he may have dishonestly failed to disclose in his application for admission *pro hac vice* the fact that he was recently suspended by the New York Courts effective May 16, 2019 for the same similar reason that this Court did so. *See* **Exhibit** 1, p. 63.

6. For these reasons, the Court should deny the request for *pro hac vice*.

Respectfully submitted,

October 3, 2022

*Joe Johnson*
Joe Johnson
Post Office Box 441572
Fort Washington, MD  20749

2

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 3rd day of October, 2022, served a copy of the foregoing Opposition to the Motion for Admission *Pro Hac Vice* upon the below-listed individual by placing a copy in the United States Mail to the following:

Oliver Lee Edwards
Law Office of Oliver Edwards LLC
9919 Rogart Road
Silver Spring, MD   20901

*Joe Johnson*
Joe Johnson