**PUBLIC CITIZEN LITIGATION GROUP**

1600 20TH STREET, N.W.

WASHINGTON, D.C. 20009-1001

——

(202) 588-1000

October 4, 2022

Honorable Theodore Chuang
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:    *Johnson v. Think Computer Corporation d/b/a Plainsite*
No. 8:22-cv-02422-TDC

Dear Judge Chuang:

Defendant Think Computer Corporation d/b/a PlainSite (hereafter, "PlainSite") wishes to move to dismiss the complaint. No oral meet and confer has occurred, but counsel has concisely communicated in writing the grounds for dismissal, and defendant did not agree to dismiss.

1. Defendant PlainSite operates, at plainsite.org, a court-records aggregation site that, like similar operations such as Court Listener, PacerMonitor and Justia, hosts the contents of the dockets of millions of lawsuits filed in courts throughout the United States. Access to the judicial documents on plainsite.org is available free of charge to all users, whether or not they have registered for an account. PlainSite is based in California. It is owned by Aaron Greenspan, a California resident.

2. Plaintiff Joe Johnson, a resident of Fort Washington, Maryland, has been party to more than one hundred civil and criminal proceedings in state and federal courts across the country. The judicial records from many of his cases appear in the PlainSite database. Johnson generally proceeds pro se in his civil cases. Because PACER requires the name, addresses, phone numbers and email addresses of both litigants and counsel to appear in the record, and because judges addressing his litigation have discussed Johnson's contact information in the course of resolving motions in his cases, *see, e.g., United States v. Johnson*, 2022 WL 1592445, at *1 (E.D. Pa. May 19, 2022), Johnson's name, phone number, address and email addresses appear repeatedly on plainsite.org.

3. Johnson contends that his right of privacy under Maryland common law and statutes bars PlainSite from making this information from judicial records available to the public.

4. Although the complaint alleges that PlainSite began in June 2022 to host documents containing Johnson's information, and that Johnson only discovered this in that month, Johnson has known about PlainSite's hosting of such information since at least 2016. In that year, and by subsequent messages in 2018 and 2019, Johnson submitted complaints through PlainSite's contact page objecting to the hosting of the dockets in *Johnson v. Ashmore*, 2016 WL 3467052 (N.D. Tex. June 8, 2016), *report and recommendation adopted*, 2016 WL 3406110 (N.D. Tex. June 21, 2016), *aff'd*, 681 Fed. Appx. 345 (5th Cir. 2017), and threatened to sue. PlainSite explained that the First Amendment protects its right to host judicial records, and that the supposed privacy-based causes of action were inapplicable.. Johnson nonetheless reiterated his threat to sue, warning that if the records were not removed, "you will be subject to a civil lawsuit, and will be tied up in litigation for

the next year or so litigating this issue." Johnson threatened to sue Greenspan and Greenspan's parents personally if the dockets were not removed. Johnson renewed his complaints about the hosting of the data in a series of communications in May and June 2022. *Id.*

5. This action began when Johnson filed a civil action on June 15, 2022 in the District Court for Prince George's County, Maryland. The District Court summons and complaint were never served. On or about July 20, 2022, the Civil Action was transferred to the Circuit Court for Prince George's County. On August 30, 2022, the complaint and summons were mailed to PlainSite, which received them on September 6, 2022.

6. This action was removed on September 23; the notice was amended on September 28, 2022. Removal jurisdiction was based on the fact that, in addition to seeking $25,000 in compensatory damages, the complaint seeks special damages, punitive damages, and attorney fees, each of which must be considered in assessing the amount in controversy.

7. PlainSite will move to dismiss under Rules 12(b)(2) and (6). That motion would allow the case to be resolved most efficiently, rather than allowing Johnson to carry out his threat that PlainSite would be "tied up in litigation for the next year or so." Judges in this district and elsewhere have previously criticized Johnson's penchant for frivolous pro se litigation. *Johnson v. Experian Info. Sols.*, 2015 WL 7769502, at *6 (D. Md. Nov. 17, 2015), *aff'd*, 670 Fed. Appx. 778 (4th Cir. 2016); *Johnson v. Affiliated Computer Servs.*, 2011 WL 4011429, at *1 (N.D. Tex. Sept. 9, 2011).

8. To the extent that Johnson's complaint is about the hosting of documents from *Johnson v. Ashmore*, the complaint is time-barred, assuming that the Court applies the single-publication rule, *Hickey v. St. Martin's Press*, 978 F. Supp. 230, 235–36 (D. Md.1997). Recognizing that Johnson may equally hope to secure damages for the hosting of more recent dockets, there are several grounds for dismissal for failure to state a claim.

9. First, although the complaint repeatedly alleges that PlainSite hosts Johnson's "entire name, address, telephone number, email address **and other personal identifying information**" (emphasis added), Complaint ¶¶ 5, 16, 26, 30, 35, the complaint does not specify even a single instance of the hosting of documents containing information other than his name, address, telephone number and email address. In fact, because the complaint is based on the contents of plainsite.org, the Court can consider the site's contents for itself on a motion to dismiss. *Phillips v. LCI Int'l*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Mont. 2002), *aff'd sub nom. Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005). Inspection would reveal that, except for hosting a single judicial opinion which specified Johnson's date of birth, *United States v. Johnson*, 2022 WL 1592445, at *1, the only identifying information about plaintiff is his name, address, telephone number and email address.

10. The Maryland Personal Information Protection Act, on which Johnson relies in Count IV, specifies the sort of personal information that is protected against unwarranted disclosure, Md. Com. Law Code Ann. § 14-3501(e)(1). Name, phone number, mailing address, email address and

date of birth are not subject to protection, and in any event, public records are exempted. §
14-3501(e)(2)(i). The Court should defer, in construing Maryland common law and the consumer
protection laws that Johnson invokes, to the Legislature's narrow definition of "personal
information" in section 3501(e). Moreover, Johnson has voluntarily made his name and contact
information a matter of public record by filing scores of pro se lawsuits, in courts that require him
to list that information publicly. To our knowledge, Johnson has never asked that his contact
information be kept under seal. He has waived any privacy claims he may have had.

11. Second, the First Amendment would bar the application of a rule barring the posting of
judicial records displaying this information. The First Amendment both protects the public's right
of access to judicial records, *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575
(4th Cir. 2004), and bars lawsuits over publications otherwise unlawful under privacy laws, so long
as the person posting the materials did not connive in a violation of law leading to their creation or
disclosure. *Bartnicki v. Vopper*, 532 U.S. 514, 534 (2001). Because PlainSite has only published
judicial records, and information contained in judicial records, that were made publicly available on
court web sites, the First Amendment bars Johnson's lawsuit.

12. Third, PlainSite will move to dismiss under section 230 of the Communications Decency
Act, 47 U.S.C. § 230. Plainsite.org is hosted on the Internet, an interactive computer service, and
it consists entirely of content provided by another entity—namely, the federal court's PACER
docketing system and similar electronic docketing systems employed by various state courts. The
PlainSite codebase that initially obtained Mr. Johnson's records does not pick and choose what
judicial dockets to make available; PlainSite aims to host them all. Section 230 not only forbids the
operator of an interactive computer system from being sued or held liable for content provided by
its users, *Zeran v. Am. Online*, 129 F.3d 327, 335 (4th Cir. 1997), it also protects one user of an
interactive computer system from being held liable for content provided by a different user. *Banaian
v. Bascom*, — A.3d —, 2022 WL 1482521, at *3 (N.H. May 11, 2022); *Directory Assistants v.
Supermedia, LLC*, 884 F. Supp. 2d 446, 451 (E.D. Va. 2012); *Barrett v. Rosenthal*, 146 P.3d 510
(Cal. 2006). Section 230 makes PlainSite immune from liability and, indeed, immune from suit. See
47 U.S.C. § 230(e)(3): "**No cause of action may be brought** and no liability may be imposed under
any State or local law that is inconsistent with this section") (emphasis added).

13. PlainSite will also seek dismissal for lack of personal jurisdiction. Contrary to the
complaint, the alleged tort occurred in California, where PlainSite is based, not in Maryland. To the
extent that Johnson alleges tortious conduct in Maryland on the ground that plainsite.org can be
viewed there, his theory of personal jurisdiction is contradicted by settled Fourth Circuit law. *Young
v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002); *ALS Scan v. Digital Service Consultants*, 293
F.3d 707 (4th Cir. 2002). Nothing about plainsite.org is intentionally aimed at Maryland.

Respectfully yours,

/s/ Oliver Edwards

Paul Alan Levy (pro hac vice pending)
Oliver Edwards