**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| **JOE JOHNSON** | § |
| | § |
| **Plaintiff,** | § |
| | § **Civil Action No. TDC-22-2422** |
| **Vs.** | § **Civil Action No. TDC-22-2573** |
| | § |
| **THINK COMPUTER CORPORATION** | § |
| | § |
| **Defendant.** | § |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO STRIKE AMENDED NOTICE OF REMOVAL AND TO REMAND**

Plaintiff, Joe Johnson, submits this Memorandum of Law in Support of his Motion to Strike the Amended Notice of Removal of Defendant, Think Computer Corporation, and to Remand to the Circuit Court for Prince George's County, and says:

I.  **INTRODUCTORY STATEMENT**

This is a civil suit initially commenced by the Plaintiff on June 15, 2022, against the Defendant, Think Computer Corporation (hereinafter, "Defendant" or "Corporate Defendant") in the District Court for Prince George's County, Maryland ("District Court"). The suit alleged state law claims against the defendant for Invasion of Privacy by Intrusion upon Seclusion (**Count** 1), Unjust Enrichment (**Count** II), violation of the Maryland Consumer Protection Act (**Count** III), violation of the Maryland Personal Information Protection Act and Unfair and Deceptive Trade practice (**Count** IV), Negligence (**Count** V), and Intentional Infliction of Emotional Distress (**Count** VI). *See*, (Doc. 2). Plaintiff prayed for judgment against the Defendant "on all of his claims in an amount that [did] not exceed $25,000" and demanded a jury trial. *Id*. On July 20, 2022, in light of the timely filing of the jury demand, the District Court, then transferred the case to the Circuit Court for Prince George's County, Maryland ("Circuit Court"), (Doc. 1, at ¶4).

On July 20, 2022, the Circuit Court issued notice of the transfer to the parties pursuant to Maryland Rule 2-326. *See,* (Doc.1-1, p. 5). On September 6, 2022, the Corporate Defendant was served through its resident agent with a copy of the Circuit Court summons and complaint by certified mail. (*Id.*, at ¶5).

On September 23, 2022, Aaron Greenspan, ("Greenspan"), who was *not* a named defendant in the State Court action, filed the original notice of removal in this case purporting to remove the Circuit Court case to this Court under 28 U.S.C. §1441(a). *See,* No. TDC-22-2422, (Doc. 1).

In his removal papers, Greenspan alleged that he, "erroneously sued as Think Computer Corporation, [was a] defendant", and that "this Court [had] original jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, as there [was] complete diversity among all partis, and the amount in controversy exceed[ed] $75,000.00". *Id.* at, ¶¶1, 9. Greenspan then alleged that "pursuant to 28 U.S.C. §1367, this Court ha[d] supplemental jurisdiction over Plaintiff's state law claims." *Id.* at ¶10. Greenspan signed the notice of removal *pro se*. *Id.* at (Doc. 1, 1-2). Despite being served with the July 20, 2022 notice by the Circuit Court and the summons and complaint, the Corporate Defendant did not join in the removal that Greenspan filed.

On September 27, 2022, pursuant to Rules 2-305 and 2-341(a) of the Maryland Rules of Civil Procedure, Plaintiff amended the complaint in the Circuit Court and in the *ad damnum* clause, prayed for judgment "on all of his claims in this action in an amount that does not exceed $70,000, as and for compensatory, punitive, general, special and statutory damages". *See,* (Doc. 1-5). On September 28, 2022, the Corporate Defendant filed an Amended Notice of Removal, (Doc. 6), and the Circuit Court received its notice on September 30, 2022. *See*, (**Exhibit** 1). On October 6, 2022, the Defendant then filed a new removal. *See*, No. TDC-22-2573. For the reasons set-forth below, the Court should remand this improvidently removed state court action to the Circuit Court.

2

II.    **PROPRIETY OF REMOVAL**

A. <u>Standard of Review</u>

The general removal statute, 28 U.S.C. §1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.". Remand is appropriate even where all parties wish to litigate in a federal forum because "a lack of subject matter jurisdiction cannot be waived or forfeited." *United States v. Wilson,* 699 F.3d 789, 793 (4th Cir. 2012). Thus, a federal district court is obligated to consider *sua sponte* whether subject matter jurisdiction is present and remand the case to state court if it determines that the federal court lacks jurisdiction. *See*, *Sass v. Wells Fargo Bank, N.A.,* No. CV 2:17-1501-RMG, 2017 WL 4286224 (D.S.C. Sept. 26, 2017) (*citing* 28 U.S.C. §§1441(a) & 1446(a)); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104-09 (1941).

Accordingly, courts in this Circuit "exercise[] [their] authority to examine the court's subject matter jurisdiction *sua sponte*" and may order remand after a non-party purport to remove an action because "removal of th[e] action was improper and the court is without subject matter jurisdiction." *Galen-Med, Inc. v. Owens,* 41 F.Supp.2d 611, 612, 616 (W.D. Va. 1999).

Federal courts construe removal statutes strictly because removal jurisdiction raises significant federal concerns. *Shamrock Oil,* 313 U.S. at 100 ("Due regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

Consequently, "[n]o presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction." *Del Rossi v. SunTrust Mortg., Inc.,* No. 3:15-cv-334, 2016 WL 693531, at *3 (E.D. Va. Feb. 18, 2016) (*citing Pinkley Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999)).

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Maryland Stadium Authority v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). "If federal jurisdiction is doubtful, a remand to state court is required." *Maryland Stadium,* 407 F.3d at 260. On the other hand, if a court has jurisdiction, the court is required to exercise it "because federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction given to them." *Courthouse News Serv. v. Schaeffer,* 429 F.Supp.3d 196, 206 (E.D. Va. 2019) (quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 705 (1992)).

## III.   **LEGAL ARGUMENT**

A.  Subject Matter Jurisdiction

First, this federal action commenced with Greenspan's attempt to remove the case from state court, *Johnson v. Think Computer Corporation*, Civil Action No. TDC-22-2422, (Doc. 1), which Plaintiff contended was a "jurisdictional defect". *Id*. at (Docs. 10, 11). Then, the Corporate Defendant filed an amended notice of removal purporting to cure the jurisdictional defect by substituting itself as the removing party. *Id*. at (Doc. 6). It is against this backdrop that the Corporate Defendant then filed a new notice of removal, again, relying on the Plaintiff's original complaint. Civil Action No. TDC-22-2573, (Doc. 1, at ¶¶2-9).

1. **First Notice of Removal of Non-Party Aaron Greenspan was Improvident and Without Jurisdiction and the Amended Notice of Removal Filed by Defendant, Think Computer Corporation Cannot Retroactively Create Jurisdiction.**

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by 'the defendant or the defendants', to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441 (emphasis added).

Courts interprets the removal statute as it is written because "[w]here the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005) (*quoting U.S. ex rel. Wilson v. Graham County Soil & Water Conservation Dist.*, 367 F.3d 245, 247 (4th Cir. 2004)).

Greenspan's purported removal of this action to this Court *ipso facto* did not establish a basis for removal jurisdiction over the case. *See, e.g.,* 28 U.S.C. §1441(a); *Middleton v. Emerson,* 469 F. App'x 213, 214 (4th Cir. 2012) ("[U]nder the applicable federal statutes, a plaintiff may not remove a proceeding to federal court."); *Del Rossi,* 2016 WL 693531, at *4 ("In unmistakable terms, §1441 does not contemplate removal of this action by the Plaintiffs. The statute plainly states that 'the defendant or the defendants' may remove an action over which the federal district would have had original jurisdiction.") (quoting 28 U.S.C. §1441(c)).

The Court must first decide, then, whether Greenspan's removal of this action to federal court on September 23, 2022 is a mere "procedural irregularity" or a "jurisdictional defect" that deprives the Court of subject matter jurisdiction over the case.

A case improperly removed to federal court may present two kinds of defects. A court may encounter a removed case that either presents a procedural defect in the removal notice, or alternatively, one that denies the Court a basis to exercise subject matter jurisdiction over the case. Put simply, the distinction involves whether the defect is procedural or jurisdictional. *See, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1194 (11th Cir. 2007) ("Removal of state court actions to federal court involves both jurisdictional and procedural considerations."). If a case presents a procedural defect, the defect may be remedied, which means the court may continue to exercise jurisdiction over the case. But if the removal defect goes to the court's subject matter jurisdiction, the case cannot proceed in federal court.

Generally, procedural flaws in removal are defects that arise from a failure to comply with the dictates of 28 U.S.C. §1446. These procedural defects include, for example, the failure to establish a party's citizenship at the time of removal, failure to establish that the amount in controversy exceeds the statutory minimum in a diversity jurisdiction case, and the failure of all of the defendants to consent to removal. *Doe v. Blair,* 819 F.3d 64, 68 (4th Cir. 2016); *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 197 (4th Cir. 2008); *See also*, *Payne v. Estate of Calzada,* 439 F.3d 198, 203 (4th Cir. 2006). Certain defective jurisdictional allegations in a notice of removal may be amended pursuant to 28 U.S.C. §1653.

By way of example, in *Muhlenbeck v. KI, LLC,* 304 F.Supp.2d 797, 802 (E.D. Va. 2004), the district court granted a defendant leave to amend its removal petition where the defendant had imperfectly alleged its own citizenship. Reasoning that this oversight was the sort of "mere technical defect" that generally deserves leave of court to amend, the district court in *Muhlenbeck* permitted amendment of the removal petition. *Id.* To be sure, a lack of subject matter jurisdiction because no Defendant removed the case, on the other hand, is not a mere procedural defect. There is no method by which a *non-party's* improvident removal of an action from state to federal court in violation of §1441(a) may be "amended" when the only party authorized by law to file a notice of removal—the defendant— was not the party that actually removed the case in the first place. *See,* §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A defendant may amend its notice of removal, but this Court cannot permit the parties to contradict the plain terms of the removal statute Congress enacted. As the Fourth Circuit has noted, the Supreme Court made clear that only a 'defendant or defendants' may remove an action when *Shamrock Oil* outlined the scope of the general removal statute more than eighty years ago:

Although the Court acknowledged that, between 1875 and 1887, the removal statute allowed either party to remove the suit to federal court ... the Court concluded that Congress narrow[ed] the federal jurisdiction on removal by amending the statute in 1887 to allow removal only by the 'defendant or defendants' in the suit[.]

*Palisades Collections LLC v. Shorts,* 552 F.3d 327, 332 (4th Cir. 2008) (quoting *Shamrock Oil,* 313 U.S. at 100). Here, in the first removal pending before this Court there is no "defective allegation[] of jurisdiction" to cure: The improper party removed the action to federal court, Greenspan, a *non-party*, who was *not a named defendant*, and that is not an allegation that is simply remedied by amendment of a jurisdictional allegation, such as the amount in controversy.

The weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a *non-party*. *See, e.g., Housing Auth. v. Millwood,* 472 F.2d 268, 272 (5th Cir.1973) (where removal is initiated by a non-party, the district court is without subject matter jurisdiction); *Juliano v. Citigroup,* 626 F.Supp.2d 317, 319 (E.D.N.Y. 2009) (same and citing cases); *Jenkins-Dyer v. Exxon Mobil Corp.,* No. 08-2095-KHV, 2008 U.S. Dist. LEXIS 58547, at *6, 2008 WL 2858983, at *2 (D. Kan. July 24, 2008) (same); *Sheppard v. Sheppard,* 481 F.Supp.2d 345, 347-48 (D.N.J.2007) (same); *Blackmon v. Conecuh County DHR,* No. 98-0220-P-S, 1998 U.S. Dist. LEXIS 7387, at *6 (S. D. Ala. Mar. 17, 1998) (same); *see also JRA Holding, Inc. v. McCleary,* No. 95-7702, 1996 U.S. App. LEXIS 2910, at *3; 1996 WL 80692, at *1 (2nd Cir. Feb. 20, 1996) (unpublished) (removal by a non-party "was improvident and *without jurisdiction"*) (emphasis added).

Stated another way, a *non-party* lack standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§1441 and 1446. Where, as here, a *non-party* purport to remove a state court action to federal court, such removal is "improvident and without jurisdiction." *JRA Holding,* 1996 U.S. App. LEXIS 2910, at *3, 1996 WL 80692, at *1; *American Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F.Supp.2d 296, 298-99 (S.D.N.Y. 1999) (citing cases).

The Corporate Defendant's amended notice of removal that it filed on October 6, 2022, in No. TDC-22-2422, (Doc. 6), is based on the removal by a *non-party*, *non-intervenor*, *non-participant* of this action and 28 U.S.C. §1653 prohibits the amendment to create jurisdiction. *Lans v. Gateway 2000, Inc.*, 84 F.Supp.2d 112, 116 (D.D.C. 1999) ("[I]f a plaintiff lacks standing to be before the court from the time of the filing of the original complaint, there is no action for him to amend, since the court is deprived of subject matter jurisdiction over the entire matter"). Indeed, removal jurisdiction is determined as of the time of filing of the removal petition. *Grupo Dataflux v. Atlas Global Group, L.P*, 541 U.S. 567, 570-71 (2004) ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject matter jurisdiction … against the state of facts that existed at the time of filing"). Section 1653 is "not to be used to create jurisdiction retroactively where it did not previously exist." *Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986); *Bradley v. Johnson and Johnson*, No. 1:12cv92, 2012 WL 1957281, at *3 (E.D. Va. May 30, 2012) (stating "[b]ecause this action is a nullity, the defects identified above cannot be cured by an amendment of the pleadings or by adding the proper plaintiff."). *Id*. at *3 (citing *Chesapeake House on the Bay, Inc. v. Virginia National Bank*, 344 S.E.2d 913 (Va. 1986)); *see also, Summit Office Park, Inc. v. United States Steel Corp.,* 639 F.2d 1278, 1282-1283 (5th Cir.1981) (same).

Here, the amended notice of removal is merely an improper attempt to create jurisdiction, not clarify it, to salvage an improvident removal by substituting itself as the removing party so as to 'create' standing and federal removal jurisdiction retroactively. This is improper. The amended removal notice fails and remand under §1447(c) is required. *International Primate Protection League et al. v. Administrators of Tulane Educational Fund et al.*, 500 U.S. 72 (1991) (citing *Brewere v. Department of Housing and Urban Development*, 508 F.Supp.72, 74 (SD Ohio 1980)).

A.  **Greenspan's Removal Notice that he filed on September 23, 2022 is also Facially Defective Because It Does Not State That the Corporate Defendant Joined in, or Consented to, Removal Within 30 Days After Receipt of either the July 20, 2022 Transfer Notice or Service of the Summons and Complaint on September 6, 2022.**

Even assuming, *arguendo*, that Greenspan was a named defendant and had standing to remove this action from the Circuit Court under 28 U.S.C. §1441, (which he plainly *did not*); however, the removal notice that he filed does not in any way state that the Corporate Defendant, Think Computer Corporation joined in, or consented to, removal within thirty days after receipt of the July 20, 2022 notice from the Circuit Court, (Doc. 6-1), or of the original complaint. (Doc.2).

The removal statute, 28 U.S.C. §1441(a), provides that: A defendant who wishes to remove a case to federal court must, "within 30 days after the receipt ... of a copy of the initial pleading":

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id*. §1446(a), (b)(1). As to a case with *multiple* defendants:

> (A)     When a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served must join in or consent to the removal of the action.

*Id*. §1446(b)(2)(A).

> (3)     Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. 1446(b)(3).

Greenspan's Notice of Removal is also facially defective because it plainly does not state that the Corporate Defendant joined in, or consented to, removal within 30 days after receipt of the July 20, 2022 transfer notice or service of the summons and original complaint. (Doc. 1).

9

Explaining the unanimity requirement of §1446, the United States Court of Appeals for the

Fourth Circuit has stated:

> [Section 1446 and Fed. R. Civ. P. 11] do not, …, require that in a case involving multiple defendants where all defendants must consent to removal that each of the defendants sign the notice of removal or file a separate notice of removal complying with §1446(b).
>
> Moreover, we can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal....
>
> Accordingly, we conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal.

*Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013).

The removal jurisdiction of federal courts is to be 'scrupulously confined,' and '[i]f federal

[removal] jurisdiction is doubtful,' – *i.e.*, if unanimous consent to removal is lacking – "a remand

is necessary." *Egle Nursing Home, Inc. v. Erie Ins. Grp.,* 981 F. Supp. 932, 933 (D.Md. 1997)

(alterations in original) (citations omitted).

In the instant case, there is absolutely no reference in the Notice of Removal – filed by

Greenspan *only* – to the Corporate Defendant's decision joining in or consenting to removal. That

is, the Notice of Removal lacks any statement of concurrence or other unambiguous representation

that the Corporate Defendant consented to removal. The Corporate Defendant was in receipt of the

July 20, 2022 transfer notice from the Circuit Court more than thirty days before removal and of

the summons and original complaint no later than September 6, 2022, thus, it plainly had notice of

the lawsuit when Greenspan filed the Notice of Removal on September 23, 2022. However, the

Notice of Removal does not assert in any respect that the Corporate Defendant joined in or

consented to the removal. Nor does it refer to, or explain, the absence of such consent.

10

The only references to the Corporate Defendant in the Notice of Removal is the allegation that Greenspan, "erroneously sued as Think Computer Corporation, is a defendant" and the allegations in paragraphs 2 and 3 that "[t]his action began when Plaintiff filed a civil action on June 15, 2022 in the District Court for Prince George's County, Maryland against Think Computer Corporation" and the allegation that "[n]either Think Computer Corporation nor Aaron Greenspan were ever served with the District Court summons or complaint." (Doc. 1 at ¶¶1,2,3).

Accordingly, and based on the Fourth Circuit's strict construction of section 1446 that consent to removal must be clear and unanimous; the original Notice of Removal filed by Greenspan *only* on September 23, 2022, is, in any event, facially defective and requires remand.

B. **The Corporate Defendant Did Not Join in nor Consent to Greenspan's Notice of Removal in a Timely Manner as Required By 28 U.S.C. §1446(a).**

Notwithstanding the fact that the removal notice itself is facially defective, however, the Corporate Defendant nonetheless failed to join in or consent to the removal in a timely manner which was necessary to remove this action from the Circuit Court to federal court. *Chaghervand v. CareFirst*, 909 F. Supp. 304, 308 (D.Md. 1995).

Title 28 U.S.C. §1446, which outlines the procedures for the removal of civil actions, provides for the "rule of unanimity." Embodied in 28 U.S.C. §1446(b)(2)(A), the rule of unanimity serves as an important procedural limitation on defendant's right of removal. Under the rule of unanimity, when more than one defendant is named in the complaint, *all* of the defendants who have been served "must join in the petition for removal." *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 245 (1900); *Gee v. Lucky Realty Homes, Inc.*, 201 F.Supp.2d 732, 736 (D.Md. 2002). The rule in this circuit is that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992).

11

This unanimity is required regardless of whether removal is based on diversity or the existence of a federal question. *Bradford v. Harding*, 284 F.2d 307, 309 (2nd Cir.1960).

Greenspan's notice of removal that he filed on September 23, 2022, *albeit* invalid, states that he was first served with notice of this action on September 6, 2022. (Doc. 1, Notice at ¶5). The notice did not explain why the Corporate Defendant did not join the notice of removal, or that it was a non-entity that need not consent to removal. Moreover, the Corporate Defendant did not "timely and unambiguously" consent to the removal within the thirty-day statutory period. The Corporate Defendant was in receipt of the July 20, 2022 transfer notice from the Circuit Court before removal, and in receipt of the summons and original complaint that it claimed formed the basis for removal on September 6, 2022; thus, it had no later than August 20, 2022, or the latest of October 6, 2022, to join in and consent to the removal but it failed to do so.[1]

Thus, even assuming that Greenspan was a defendant as he claimed in his removal papers; however, the consent of *all* defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction. *Rice v. Community Health Ass'n*, 40 F.Supp.2d 783 (S. D. W. Va. 1998). Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period. The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court. *See*, *Raju v. 315 Willow Avenue Condo. Ass'n,* No. 07-3743,

---

[1] The Corporate Defendant states in the Amended Notice of Removal that it was served with Plaintiff's original complaint on September 6, 2022 (Doc. 6); however, it was in receipt of the transfer notice in <u>July 2022</u> when the circuit court sent it the required notice. *Id*, at ¶4. Regardless, it plainly did not *timely* consent to removal within thirty days as required. In any event, the Amended Notice of Removal is invalid for lack of federal removal jurisdiction. *See*, *Benn v. Seventh-Day Adventist Church,* 304 F.Supp.2d 716 (D.Md.2004).

2008 WL 314561, at *2-3 (D.N.J. Jan. 28, 2008) (granting plaintiffs' motion to remand where the removing defendant failed to obtain the consent of two other defendants who were properly served with the complaint prior to removal and rejecting the removing defendant's attempt to cure the defect by submitting "Consents to Removal" from those defendants because the consents were filed beyond the thirty-day time period after service by as little as eight (8) days)"; *Easter-Greene v. Verizon Maryland, LLC,* No. MJG-14-1040, 2014 WL 3723228, at *3 (D. Md. July 23, 2014) (granting a motion to remand because "the Notice of Removal lacks any statement of concurrence or other unambiguous representation that all Defendants consented to removal").

Simply put, the failure of the Corporate Defendant to timely join in Greenspan's notice violates "a strictly applied rule of procedure that may not be extended by the court", *Torres v. AIG Claim Serv., Inc.,* 957 F. Supp. 1271, 1273 (S.D.Fla.1997), and forecloses the opportunity for removal under Section 1446. *Adams v. Aero Services Int'l,* 657 F. Supp. 519, 521 (E.D.V a. 1987).

2. **The Second Notice of Removal of the Corporate Defendant Should be Dismissed.**

Defendant's newly filed notice of removal that it filed on October 6, 2022 fairs no better, and it does not somehow cure Greenspan's improvident removal and thereby confer subject matter jurisdiction over this action. As noted above, Greenspan's attempted removal of the case did not create subject matter jurisdiction. 28 U.S.C. §1441(a); *see also*, *Sewell v. Fidelity National Financial*, No. PWG-15-3077, 2016 WL 728012, at *1 (D. Md. Feb. 24, 2016). Defendant, however, seems to believe that this Court somehow obtained subject matter jurisdiction when it filed its own notice of removal in this case. Yet, in their notice of removal the Defendant identify no authority for the proposition that a case improvidently removed to federal court by a *non-party* may later gain subject matter jurisdiction if the defendant simply files their own notice of removal. *See,* No. TDC-22-2573, (Doc. 1).

Instead, when a federal court lacks subject matter jurisdiction over a case because, as here, a *non-party* purport to "remove" the action, remand is the appropriate remedy. *Banerjee v. Vivint Solar Developer, LLC,* No. GJH-20-00674, 2021 WL 211300, at *2 (D. Md. Jan. 21, 2021); *Lewis v. Khadduri,* No. 3:20-cv-545, 2020 WL 5763635, at *2 (E.D. Va. Aug. 19, 2020); *Lewis v. Fidelity Direct Mortg.,* No. 3:20-cv-48-JAG, Dkt. 27 (E.D. Va. July 21, 2020); *Luellen v. Luellen,* 972 F.Supp.2d 722, 725 n.9 (W.D. Pa. 2013).

This is true even where no plaintiff has moved to remand the case and the Court examines its subject matter jurisdiction *sua sponte. See, Galen-Med, Inc.,* 41 F. Supp. 2d at 612. Remand accords with another animating principle in federal courts' interpretation of removal statutes: that a court may not realign the parties for purposes of removal. "Strictly construing the general removal statute, federal courts will not recharacterize a plaintiff, meaning a party that files a complaint or an amended complaint, as a defendant for removal purposes." *Banerjee v. Vivint Solar Developer LLC,* No. GJH-20-00674, 2021 WL 211300, at *2 (D. Md. Jan. 21, 2021).

While it may seem convenient and economical, courts resist realigning the parties when a defendant brings a counterclaim against a plaintiff, for example, holding that "only a true defendant may remove a case to federal court[.]" *Palisades Collections LLC,* 552 F.3d 327 at 330 (internal quotation omitted). In this case, Defendant's subsequent notice of removal does not confer the subject matter jurisdiction this case lacked at its inception in federal court. 28 U.S.C. §1447(c) requires remand. *Ballesteros v. Pocta*, U.S. Dist. Ct. Md. Case No. 1:20-cv-664 (RDA/TCB).

A.  **No Case Was Pending in State Court At the Time the Second Removal Was Filed.**

Another reason for why the second notice of removal fails, is that there was no case *pending* in the State Court at the time of filing the second notice of removal. "Generally, there is 'no jurisdiction to remove closed cases" because if a case is closed, 'no case or controversy exists.'"

*US Bank. N.A. v. Polanco*, 2013 WL 12096360, at *1 (S.D. Fla. April 24, 2013) (citation omitted); report and recommendation adopted by, 2013 WL 12095595 (S.D. Fla. May 23, 2013); *Jones v. CitiMortgage, Inc.*, 666 Fed. Appx. 766, 770 n.4 (11ᵗʰ Cir. 2016) (noting that because the district court determined that the case removed to federal court "had been closed when the notice of removal was filed," the case was remanded to state court); *see also*, *Georgia Dep't of Human Resources v. Jenkins*, 2013 WL 325620, at *1 (S.D. Ga. January 28, 2013) (dismissing the case removed to federal court "because the federal courts have no jurisdiction over this matter" and "because of Defendant's improper attempt to remove to federal court a state court case that was definitively closed"); *Nieto v. Univ. of N.M.*, 727 F.Supp.2d 1176, 1184 (D.N.M. 2010) (stating "no jurisdiction to remove closed cases, because if a case is closed, no case or controversy exists.").

"Indeed, 28 U.S.C. §1441 only authorizes the removal of cases that are 'pending' in state court when the notice of removal is filed." *Polanco*, 2013 WL 12096360, at * 1 (citations omitted); *Foster v. KNTV Television, Inc.*, 2009 WL 4675988, at * 1 (N D. Cal. December 9, 2009) (denying plaintiffs motion to reconsider entry of judgment for the defendants entered due to fact the plaintiffs attempted removal of a closed case from superior court was not authorized by §1441; the federal court lacked jurisdiction over a closed case — no case or controversy exists).

Here, the circuit court case Defendant sought to remove to this court on October 6, 2022, was closed by the circuit court on October 4, 2022 as a result of the first notice of removal filed by Greenspan on September 23, 2022 in case no. TDC-22-2422. Thus, there was no case "*pending*" in the circuit court on October 6, 2022 for the Defendant to remove to federal court. In fact, the civil docket of the circuit court case reflects that the case was "closed" on October 4, 2022, two days before the filing of this second notice of removal. *See,* (**Exhibit** 1).

Moreover, the notice of removal that Greenspan filed on September 23, 2022, *albeit* improvident, appear to have deprived the circuit court of jurisdiction to consider the Defendant's October 6, 2022 filing in the same case. 28 U.S.C. §1446(d); *see, Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4ᵗʰ Cir. 2013) . Thus, the Defendant's state-court filing made post-removal is a nullity. *See*, *Yuan v. U.S. Holdings. LLP*, No. 5:10-CV-1251 (NAM/ATB), 2011 WL 3649598, at *1 (N.D.N.Y. Aug. 18, 2011) (unpublished); *Dunigan v. Countrywide Home Loans. Inc.*, No. 1:08-CV-3735-CC, 2009 WL 10698799, at *3 (N.D. Ga Sept. 10, 2009) (unpublished).

Simply stated, federal removal jurisdiction does not exist over the newly filed removal and it should be dismissed pursuant to 28 U.S.C. §1447(c) for lack of federal removal jurisdiction, or alternatively, the case should be remanded to the Circuit Court for Prince George's County.

B. **Diversity Jurisdiction under 28 U.S.C. §1332 Does Not Exist Because the Amount in Controversy Is Less Than The $75,000 Statutory Jurisdictional Minimum.**

Lastly, even assuming, *arguendo*, that the Defendant, Think Computer Corporation had properly removed this action (which it did *not*), however, removal would still be improper since diversity jurisdiction does not exist in that the amount in controversy is far less than the $75,000 jurisdictional minimum. A removed case must be remanded if, at any time before final judgment, it appears that the district court lacks subject-matter jurisdiction. *See,* 28 U.S.C. §1447(c). The Court has subject-matter jurisdiction based on diversity of citizenship so long as the parties are citizens of different states and the amount in controversy exceeds $75,000. *See,* 28 U.S.C. §1332.

Here, the amount in controversy requirement is not met. 28 U.S.C. §1446(c)(2) states that, "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." The only exception is that if the initial pleading seeks, "(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or

16

permits recovery of damages in excess of the amount demanded." Defendant, as the removing party, bears the burden of proving that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by section 1332(a).

Rule 2-305 of the Maryland Rules of Civil Procedure states that, "(a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought." The Committee note to the Rule states that: "If the amount sought exceeds $75,000, a general statement to that effect is necessary in order to determine if the case may be removed to a federal court based on diversity of citizenship. *See,* 28 U.S.C. §1332. A specific dollar amount must be given when the damages sought are less than or equal to $75,000 because the dollar amount is relevant to determining whether the amount is sufficient for circuit court jurisdiction or a jury trial."

Here, on September 27, 2022, before the Corporate Defendant filed the second removal notice on October 6, 2022, pursuant to Rule 2-305 of the Maryland Rules of Civil Procedure, Plaintiff appropriately amended the complaint in the Circuit Court and in the *ad damnum* clause, he prayed for judgment "*on all of his claims in this action in an amount that does not exceed $70,000, as and for compensatory, punitive, general, special and statutory damages*". (Emphasis added). *See,* (No. TDC-22-2573, Doc. 1-5). Thus, to the extent that the second notice of removal filed by the Corporate Defendant on October 6, 2022 was proper; the sum demanded in the amended complaint is deemed to be the amount in controversy and it does not exceed $75,000; thus, no original jurisdiction here.

Apparently relying on the plaintiff's original complaint, the Corporate Defendant made the false statement in its removal papers that the "Plaintiff seeks $100,000.00 or more in damages, in that he pleads claims for $25,000 in compensatory damages, plus general and special damages, punitive damages, and attorney fees, in his claim against Defendant." *Id*., Notice, ¶8.

17

However, the original complaint was not the operative complaint at the time it filed the notice of removal; rather, the amended complaint filed in the circuit court on September 27, 2022 was the operative one. It is well settled that an amended complaint supplants and supersedes an earlier filing. "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier,* 238 F.3d 567, 572 (4th Cir. 2001) (*citing* 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE §1476 (2d ed. 1990)) ("A pleading that has been amended ... supersedes the pleading it modifies ...").

Moreover, even if the original complaint were the operative complaint, the allegation in the notice of removal that "Plaintiff seeks $100,000.00 or more in damages, in that he pleads claims for $25,000 in compensatory damages, plus general and special damages, punitive damages, and attorney fees," is, not only a false statement, but, at best, a speculative amount in controversy.

The Fourth Circuit has not determined the exact standard to be applied in ascertaining the amount in controversy in federal diversity cases. *See, e.g.*, *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 n.2 (D. Md. 2002). However, this Court has reasoned that:

> [i]n determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint. Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed. If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

*Momin*, 205 F. Supp. 2d at 509-10 (internal citations omitted).

In this case, in his amended complaint, Plaintiff limited the damages "on all of his claims in this action in an amount that does not exceed $70,000, as and for compensatory, punitive, general, special and statutory damages". (*Id*. at 1-5). This amount is clearly below the statutory jurisdictional minimum.

Since, Plaintiff has limited the amount of damages in this case to $70,000, the burden is on Defendant to show a *legal certainty* that the Plaintiff's claims exceed the jurisdictional minimum; however, the Defendant has not met and cannot meet its burden.

Although Plaintiff requested "general and special damages, punitive damages, and attorney fees" in the original complaint, however, it was not the operative complaint and even if it were, Defendant has done nothing other than allege that the Plaintiff pleads claims for "$25,000 in compensatory damages, plus general and special damages, punitive damages, and attorney fees." This falls far short of the high burden of *legal certainty*. In addition, while the Plaintiff alleged six theories of recovery in the original complaint, he cannot receive separate damages based on the same facts on all six theories. Thus, even if the less stringent preponderance of the evidence standard was applied, the Defendant has failed to meet its burden in that it has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The defendant's notice of removal in the newly filed case, particularly with respect to "general and special damages, punitive damages, and attorney fees", do not establish any *specific* amount that it believes the Plaintiff may recover. Instead, the Defendant merely speculates that the amount *could* exceed the jurisdictional minimum simply by alleging in its removal papers that the Plaintiff "pleads claims for $25,000 in compensatory damages, plus general and special damages, punitive damages, and attorney fees." However, "A speculative argument regarding the potential value of the award is insufficient." *Conrad Associates v. Hartford Accident & Indemnity Company.,* 994 F. Supp. 1196, 1198 (D. Cal. 1998). In any event, at the time of filing, Plaintiff limited damages below $75,000. (Doc. 6-2, at p. 8). In light of the Defendant's failure to meet its high burden, coupled with this Court's charge to remand the case whenever federal jurisdiction is doubtful, the Court should grant the Plaintiff's motion and remand this improperly removed action.

C. **Diversity Jurisdiction under 28 U.S.C. §1332 Requires that the Defendant as the Removing Party Prove that the Parties Citizenships are Truly Diverse.**

In addition to proving that the amount in controversy exceeds the jurisdictional minimum, the removing party must prove that the parties share different citizenships. 28 U.S.C. §1332(a)(1).

Title 28 U.S.C. §1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction." The defendant assert that this court has jurisdiction over this action because the controversy is one between citizens of different states. *See*, 28 U.S.C. §1332(a)(1). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Defendant cannot meet its burden. Neither the original nor the amended complaint filed in state court specifies the citizenship of the Plaintiff as of the time of filing the complaint in state court. Indeed, a cursory read of the complaints reveals that this case lacks complete diversity because it alleges that Plaintiff "was a resident of Prince George's County in Fort Washington, Maryland" and lists a post office box address in Maryland that is also provided in defendants' removal papers, but section 1332(a)(1) demands diverse citizenship, not diverse residency. *Kessler v. Home Life Ins. Co.*, 965 F. Supp. 11, 12 (D. Md. 1997) ("Ordinarily, the existence of subject matter jurisdiction based on diversity of citizenship is determined ... on the face of [] the complaint.").

As the Supreme Court has consistently held, state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). The existence of citizenship cannot be inferred from allegations of mere residence, standing alone. *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) ("The bill alleges that … appellee [is] a 'resident' of Michigan. This is not sufficient allegation of

20

appellee's Michigan citizenship."); *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1982)("It was held by this court from the beginning that an averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the [diversity] jurisdiction, because in the common use of words a resident might not be a citizen, and therefore, it was not stated expressly and beyond ambiguity that he was a citizen of the State … The same rule has been maintained to the present day …"); *Robertson v. Cease*, 97 U.S. 646, 648 (1978) ("Looking, then, at the pleadings, and to such portions of the transcript as properly constitute the record, we find nothing beyond the naked averment of Cease's residence in Illinois, which, according to the uniform course of decision in this court, is insufficient to show his citizenship in that State. Citizenship and residence, as often declared by this court, are not synonymous terms.").

In this action, neither the original nor amended complaint filed in the state court specifies the citizenship of the Plaintiff as of the time of filing the complaint in state court, and allegations of residence is not prima facie proof of citizenship for diversity purposes. *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660 (4th Cir. 1998) (declining to accept conclusory allegations of residence as prima facie proof of citizenship for diversity purposes and collecting cases on similar points.).

Neither is the listing of a post office box sufficient to establish that a person is a citizen of that state. *Martinez v. Martinez*, 62 F. App'x 309, 313-14 (10th Cir. 2003) (asserting that plaintiff's listing a post-office box as his address was insufficient to establish a foundation for diversity jurisdiction over her state-law claims). Other than conclusory allegations, there has been no sufficient allegation of the diversity of citizenship required by 28 U.S.C. §1332(c). The defendant has the burden of proving the Plaintiff's citizenship at the time of removal as well as at the time of the commencement of the suit in state court but it is unable to do so.

There are no facts in the record to conclude that the Plaintiff is or was a "citizen of Maryland". In the absence of such facts in the record upon which diversity jurisdiction can rest, Defendant has also failed to meet its burden in establishing diversity jurisdiction and this case should therefore be remanded to the Circuit Court. *Jackson v. Allen*, 132 U.S. 27 (1889).

3.  **The Court Should Require Payment of Just Costs And Any Actual Expenses**.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §1447(c); *see also Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on [the other party]."). Moreover, "[b]ad faith is not required; fees may be awarded even if removal is sought in subjective good faith." *Amer. Capital Advance, LLC v. Gordon,* No. RWT 10cv2113, 2010 WL 5055810, at \*2 (D. Md. Dec. 3, 2010) (quoting *Miller v. Baker,* No. 5:09-cv-00094, 2010 WL 3585423, at \*1 (W.D. Va. Sept. 9, 2010)); *see also Martin,* 546 U.S. at 138–39. Nor does "[t]he fact that the removing party is a *pro se* litigant ... prevent the court from imposing sanctions." *See*, *Amer. Capital Advance,* 2010 WL 5055810, at \*2.

First, Greenspan lacked any objectively reasonable basis for seeking removal. The fact that only *defendants*, and not *non-parties*, can remove a state court action to federal court is well-settled and firmly established in federal law. Congress expressed this limitation clearly in the statutory language of 28 U.S.C. §§1441 and 1446 and Supreme Court precedent has existed on this point since 1941. *Shamrock Oil & Gas Corp.,* 313 U.S. at 104–06 (reviewing the history of removal statutes and holding that state court plaintiffs cannot remove despite being named as defendants in

counterclaims). Moreover, while Greenspan claimed the Court had diversity jurisdiction; however, the original complaint that he purportedly removed plainly alleged that Plaintiff prayed for judgment against the Defendant "on all of his claims in an amount that [did] not exceed $25,000", which was far less than the amount required to invoke diversity jurisdiction. Thus, Greenspan also lacked a reasonable legal argument in support of jurisdiction that would justify denial of the Plaintiff's request for cost and expenses. Greenspan should have been aware of the limitation on removal, especially since he cited 28 U.S.C. §1446 in his Notice of Removal, Doc. 1 at ¶1, a statute that by its express terms applies only to *defendants*, 28 U.S.C. §1446(a). Furthermore, Greenspan's *pro se* status is no excuse for inappropriately and unreasonably attempting to remove this case, which in turn wasted judicial resources, delayed the resolution of this case, and imposed unnecessary motion practice on the Plaintiff. *See Martin,* 546 U.S. at 140 (2005) (discussing the costs of inappropriately removing a state court action). Finally, the Corporate Defendant also lacked an objectively reasonable basis for seeking removal. For one, the Court lacked both federal question and diversity jurisdiction. Further, the Defendant identify no authority for the proposition that a case improvidently removed to federal court by a *non-party* may later gain subject matter jurisdiction if the defendant simply files their own notice of removal. There was no case "*pending*" in the circuit court on October 6, 2022 for the Defendant to remove to federal court, as the docket reflected that the case was "closed" on October 4, 2022, two days before the filing of the second notice of removal and under the plain language of the removal statue, 28 U.S.C. §1441 only permit the removal of cases that are '*pending'* in state court at the time the notice of removal is filed.

For all of these reasons, the Court should award the Plaintiff reasonable costs, and other expenses incurred as a result of the improper removal.[2]

---

[2] On September 28, 2022, Plaintiff also served Greenspan with a Rule 11 Motion for Sanctions as required by the "safe harbor" provision; however, he has taken no steps to withdraw his improper removal of the state court action.

## **CONCLUSION**

Plaintiff is the master of his complaint and sued the Corporate Defendant, *not* Greenspan. If Greenspan want to enter the fray, he may ask the state court's permission to do so. He may not, however, skip that preliminary step and proceed directly to federal court, which is exactly what he did here and his removal of this case from state to federal court was therefore improper and insufficient to give this Court jurisdiction over the case. Thus, the Amended Notice of Removal of Defendant, Think Computer Corporation is a nullity and should be stricken and this case remanded to the Circuit Court from which it was removed in that the amended notice of removal cannot retroactively create federal removal jurisdiction when it did not previously exist. Furthermore, Plaintiff respectfully request that the Court retain jurisdiction over this improper removal action to entertain the Rule 11 Sanctions Motion served on Greenspan.

Respectfully submitted,

October 20, 2022

Joe Johnson
Post Office Box 441572
Fort Washington, MD   20749