UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **JOE JOHNSON** | § |
| | § |
|     **Plaintiff,** | § |
| | § |
| Vs. | § CIVIL NO. 8:22-cv-02422-TDC |
| | § |
| **THINK COMPUTER CORPORATION** | § |
| **d/b/a PlainSite** | § |
| | § |
|     **Defendant.** | § |

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
AMENDED NOTICE OF REMOVAL AND TO REMAND TO STATE COURT**

Plaintiff, Joe Johnson, submits this Reply Brief in Support of his Motion to Strike Defendant's Amended Notice of Removal and to Remand this action to State Court, and says:

I.   **INTRODUCTORY STATEMENT**

Plaintiff has moved the Court to remand this improperly removed case to the Prince George's County Circuit Court. Doc. Nos. 10, 10-1, 27, and 27-1. On November 2, 2022, Defendant filed an opposition arguing that removal was proper, the amount in controversy is met and the parties are diverse. Doc. 28. To save the Court the time and ink – the sole question that need be answered here is whether the removal of this action by Greenspan proper on the outset, and as explained in the Plaintiff's brief in support of remand, that is a resounding, "no". However, should the Court decide to go even further: Defendant, Think Computer Corporation has failed to meet its burden in establishing that the amount in controversy is met or that the parties are diverse.

Argument in Reply

1. **The Amended Notice of Removal of Defendant Think Computer Corporation Cannot Retroactively Create Jurisdiction and Must Be Stricken and Remanded.**

Defendant argues that "the Court correctly construed the Original Notice of Removal as having been filed by Greenspan on behalf of the corporation that he owns." Opp. at 4. However, as Greenspan very well knows, he did not make the representation to the Court that he was purportedly filing the original notice of removal on behalf of "the corporation that he owns", rather, he falsely represented to the Court that *he* "erroneously sued as Think Computer Corporation, [was] a defendant", when, in fact, and in truth, as he then well knew, he was *not* and never was a *defendant* in this action, yet, he made the misrepresentation to avoid the expense associated with hiring an attorney because "the cost was exorbitant by comparison to Think's fairly meager revenues." Opp. at p. 4, *see also*, Affirmation of Aaron Greenspan, Doc. 28-1, at ¶¶13. Indeed, in his purported affirmation, Greenspan states that he "began looking for a lawyer to defend Think" – he then explains how expensive it was to hire a lawyer. *Id*. Greenspan then says, "once [he] saw the complaint, [he] concluded that Think would be best off defending itself in federal court." *Id*. Based on these facts, the Court should have little difficulty concluding that Greenspan knew he was lying to the Court when he signed and filed the removal notice, a direct violation of Rule 11.

In any event, removal could have only been accomplished here by the Defendant, through an attorney licensed to practice before this Court and *not* Greenspan, who was *not* a party. Thus, under the plain language of the removal statute, the original notice of removal that he filed was void *ab initio*, and the amended notice of removal cannot retroactively cure that jurisdictional defect and a remand is required. The cases that the Defendant rely in its opposition for the proposition that filing on behalf of a company by a non-lawyer official or owner is not jurisdictional, are clearly inapposite and find no support in the removal statue. Opp. at 23.


Here, Greenspan did not file nor sign the original removal notice on behalf of the company, rather, he did so by falsely touting himself as a defendant. *See*, Notice, Doc. 1, (captioned as "AARON GREENSPAN, *erroneously sued as* THINK COMPUTER CORPORATION") (emphasis*); see also*, Civil Coversheet, Doc. 1-2 (naming "Aaron Greenspan" as Defendant). These documents were signed by Greenspan as if he were named as a defendant in this case, rather than on behalf of the true defendant, "Think Computer Corporation". Section 1441(a) plainly contemplates that the removal of a State court civil action of which the district courts of the United States have original jurisdiction, "be removed by the <u>defendant or the defendants</u>", which Greenspan plainly was *not*. It is only because he falsely represented himself as a defendant that he was able to remove this case. Thus, removal was improvident and without jurisdiction.

2. **Greenspan's Removal Notice that he filed on September 23, 2022 is Facially Defective Because It Does Not State That the Corporate Defendant, Think Computer Corporation Joined in, or Consented to, Removal Within 30 Days After Receipt of either the July 20, 2022 Notice of Claim or of the Original Complaint.**

Defendant does not address the Plaintiff's argument that the removal notice that Greenspan filed does not in any way state that the Corporate Defendant, Think Computer Corporation joined in, or consented to, removal within thirty days after receipt of the July 20, 2022 notice from the Circuit Court, (Doc. 6-1), or of the original complaint. (Doc.2). The Court should thus find that Defendant concedes this defect. *Stenlund v. Marriot Int'l,* 172 F. Supp. 3d 874, 887 (D. Md. 2016).

A. **The Corporate Defendant, Think Computer Corporation Did Not Join in nor Consent to the Removal in a Timely Manner as Required By 28 U.S.C. §1446(a).**

Defendant also does not address the Plaintiff's argument that the Corporate Defendant, Think Computer Corporation failed to join in or consent to the removal in a timely manner which was necessary to remove this action from the Circuit Court to federal court. Likewise, the Court should find that the Defendant concedes to this defect as well. *Id*. at 887.

3. **<u>Corporate Defendant, Think Computer Failed to Remove within Thirty days.</u>**

Finally, the Defendant does not address the Plaintiff's argument that it failed to properly remove this action within 30-days. As noted in the motion, and above, the notice of removal that Greenspan filed on behalf of himself did not confer removal jurisdiction, and neither did the new notice of removal that the Defendant filed in this Court on October 6, 2022. *Ballesteros v. Pocta,* U.S. Dist. Ct. Md. Case No. 1:20-cv-664 (RDA/TCB). Moreover, the Circuit Court has not acknowledged the *new* notice. The Court should find that the Defendant concedes to this defect.

4. **<u>Diversity Jurisdiction under 28 U.S.C. §1332 Does Not Exist Because the Amount in Controversy Is Less Than The $75,000 Statutory Jurisdictional Minimum.</u>**

Lastly, the Defendant has failed to meet its burden in proving that the amount in controversy exceeds the $75,000 statutory jurisdictional minimum. Opp. at 10. Rather, the Defendant argues that "Johnson has submitted no evidence in support of his motion to remand"; however, the burden is not on the Plaintiff to prove anything – that burden lay elsewhere – it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008). Other than falsely alleging in its removal papers that "Plaintiff seeks $100,000.00 or more in damages, in that he pleads claims for $25,000 in compensatory damages, plus general and special damages, punitive damages, and attorney fees, in his claim against Defendant", Am. Notice, ¶8, the Defendant cannot overcome the fact that the Plaintiff limited his damages below the jurisdictional amount on all of his claims in this case. (Doc. 6-2, at p. 8).

In light of the defendant's failure to meet its high burden, coupled with this Court's charge to remand the case whenever federal jurisdiction is doubtful, the Court must grant the Plaintiff's motion and remand this improperly removed action.

A. **Diversity Jurisdiction under 28 U.S.C. §1332 Requires that the Defendant as the Removing Party Prove that the Parties Citizenships are Diverse.**

With respect to meeting its burden of proving that the parties share different citizenships, Defendant argues that "[i]t is at the very least fair to infer that Johnson was a citizen of Maryland when he sued Think just one month earlier and remained a citizen of Maryland at the time of Think's removal in September, particularly considering that his Maryland residence has been continuous for many years. This evidence, as well as Johnson's refusal to present any evidence to the contrary, show that diversity of citizenship is satisfied." Opp. at 14. Again, the burden is not on the Plaintiff to prove that the parties citizenships are diverse – it is the defendant's burden and it is unable to do so in that it cannot "infer" the Plaintiff's citizenship. The defendant rely on the Affirmation of Aaron Greenspan as evidence to establish the citizenship of the Plaintiff; however, the exhibits that purports to be documentary evidence are pure hearsay in that it is being offered to prove the truth of the matter asserted and none of the exhibits have been properly authenticated pursuant to Rule 803(6)(A)-(C) of the Federal Rules of Evidence in that the conditions for authentication has not been shown by the testimony of the custodian or other qualified witness, or by a certification that complies with the strictures of Rule 902(11). Moreover, a cursory review of the exhibits demonstrate that Greenspan manipulated the documents. For example, Exhibit E purports to be email exchanges Greenspan claim to have had with Plaintiff on September 15, 2016; however, what Greenspan did was alter the email header to make it appear to have been sent from "*Joseph* Johnson JJohnson531@gmail.com, when the actual email header was "*J* Johnson jjohnson531@gmail.com". *See*, Doc. 28-1, at p. 50, 51, 52, 54, 55, 57-63. While the manipulation of the email header appears to be irrelevant here; however, it certainly goes to the heart of the trustworthiness of the affirmation of Greenspan and the court should look at it with a jaundice eye as Greenspan has demonstrated that he is a liar and will say just about anything to this Court.

**CONCLUSION**

For the reasons set-forth in the Motion, and herein, the Court should remand this improperly remove action to the Circuit Court.

Respectfully submitted,

November 3, 2022

*Joe Johnson*
Joe Johnson
Post Office Box 441572
Fort Washington, MD   20749

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 3rd day of November 2022, served a copy of the foregoing upon the below-listed party by causing to be electronically filed the foregoing with the Court on this date using the CM/ECF system or by placing a copy in the United States Mail to the following:

Oliver L. Edwards
Law Office of Oliver Edwards LLC
9919 Rogart Road
Silver Spring, Maryland 20901

And

Paul Alan Levy
Public Citizen Litigation Group
1600 20th St NW
Washington, DC 588-1000

*Joe Johnson*
Joe Johnson