**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JOE JOHNSON,

Plaintiff,

v.

THINK COMPUTER CORPORATION
*d/b/a Plainsite*,

Defendant.

Civil Action Nos. TDC-22-2422
TDC-22-2573

## MEMORANDUM OPINION

Plaintiff Joe Johnson filed a civil action in the Circuit Court for Prince George's County, Maryland against Defendant Think Computer Corporation d/b/a Plainsite ("Think Computer") alleging various statutory and common law claims under Maryland law based on the alleged disclosure and dissemination to the public of Johnson's personal identifying information. After Think Computer removed the case to this Court, Johnson filed two Motions to Strike the Amended Notice of Removal and to Remand, which are fully briefed. Upon review of the pleadings and submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

### I. No. TDC-22-2422

On June 15, 2022, Plaintiff Joe Johnson, a resident of Fort Washington, Maryland, filed the original Complaint in this case in the District Court of Maryland for Prince George's County against Defendant Think Computer, a Delaware corporation with its principal place of business in California. *Johnson v. Think Computer*, No. 050200123222022 (Prince George's Cnty. Dist. Ct.

2022), *available at* https://casesearch.courts.state.md.us (last visited May 24, 2023). On July 20, 2022, the case was transferred to the Circuit Court for Prince George's County, Maryland ("the Circuit Court"). *Johnson v. Think Computer*, No. CAL22-21998 (Prince George's Cnty. Cir. Ct. 2022), *available at* https://casesearch.courts.state.md.us (last visited May 24, 2023). The Complaint alleged that beginning on or about June 5, 2022, Think Computer, a software development company that engages in the collection and distribution of public information, negligently or intentionally disclosed Johnson's personal identifying information, including his name, address, telephone number, and email address, without his consent. Johnson further alleged that Think Computer received a substantial profit from this dissemination. Specifically, Johnson asserted state law claims of invasion of privacy by intrusion upon seclusion (Count I); unjust enrichment (Count II); a violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-305 (LexisNexis 2013) (Count III); a violation of the Maryland Personal Information Protection Act, Md. Code Ann., Com. Law § 14-3508 (Count IV); negligence (Count V); and intentional infliction of emotional distress (Count VI).

As relief, Johnson sought damages "in an amount that does not exceed $25,000, as and for compensatory damages plus," as well as an award of "general and special damages," punitive damages, attorney's fees, and costs. Compl. at 8, No. TDC-22-2422, ECF No. 2.

On September 23, 2022, Aaron Greenspan, the Chief Executive Officer ("CEO") of Think Computer, removed the case to this Court by filing a Notice of Removal asserting that removal was proper based on diversity jurisdiction. Although the Complaint sought compensatory damages of no more than $25,000, Greenspan claimed that the other categories of damages would add up to a total amount above the amount-in-controversy requirement of more than $75,000. *See* 28 U.S.C. § 1332 (2018). On September 28, 2022, Think Computer filed an Amended Notice of

Removal relating to the original Complaint, which was the same in substance as the original Notice of Removal but was signed by counsel.

**II. No. TDC-22-2573**

On September 26, 2022, after the original Complaint was removed to this Court, Johnson filed with the Circuit Court a First Amended Complaint under the same state court case number, No. CAL22-21998. In addition to the facts asserted in the original Complaint, the First Amended Complaint included the allegation that on or about September 9, 2022, Think Computer categorized Johnson as a "vexatious litigant," published that statement on its website, and sent emails with that statement to third parties. First Am. Compl. ("FAC") ¶ 32, No. TDC-22-2573, ECF No. 4. Johnson alleged that this statement was false, that Think Computer knew it was false, and that Think Computer made the statement with the intent of harassing and injuring Johnson and his reputation. The First Amended Complaint added the following new counts to those asserted in the original Complaint: defamation (Count 6); libel (Count 7); retaliation (Count 8); a violation of a Maryland consumer protection statute relating to consumer credit reporting agencies, Md. Code Ann., Com. Law § 14-1203 (Count 9); and a request for an injunction (Count 10) in which Johnson sought a temporary restraining order and an injunction barring Think Computer from publishing his personal identifying information and other false information on its website and to third parties. The intentional infliction of emotional distress claim was moved to Count 11. As relief, Johnson requested judgment "in an amount in excess of $75,000, as and for compensatory and punitive damages" plus general and special damages, punitive damages, and an award of attorney's fees and costs. FAC at 15.

One day later, on September 27, 2022, Johnson filed in the Circuit Court a Second Amended Complaint in No. CAL22-21998. The Second Amended Complaint was identical to the

First Amended Complaint except that Johnson altered his request for relief to seek damages "in an amount that does not exceed $70,000, as and for compensatory, punitive, general, special, and statutory damages[.]" Second Am. Compl. ("SAC") at 15, No. TDC-22-2573, ECF No. 5. He also requested attorney's fees, costs, and such "other relief as the Court deems just and proper." *Id.*

On October 6, 2022, Think Computer filed in this Court a new Notice of Removal of No. CAL22-21998 in which it asserted that both the First Amended Complaint and the Second Amendment Complaint effectively sought damages exceeding $75,000 and therefore satisfied the amount-in-controversy requirement for diversity jurisdiction. This Court docketed the new Notice of Removal in a new case, No. TDC-22-2573.

On October 20, 2022, Johnson filed a Motion to Strike the Amended Notice of Removal and to Remand in No. TDC-22-2422. On November 3, 2022, Johnson filed an identical Motion to Strike the Amended Notice of Removal and to Remand in No. TDC-22-2573.

## DISCUSSION

Johnson's Motions to Strike the Amended Notice of Removal and to Remand ("the Motions to Remand") argue that (1) the original Notice of Removal in No. TDC-22-2422 was defective because a natural person cannot file a notice of removal on behalf of a corporation, and the Amended Notice of Removal must be stricken as improper; and (2) the cases should be remanded for lack of subject matter jurisdiction because the amount-in-controversy requirement for diversity jurisdiction is not satisfied.

### I.   Motion to Strike

As an initial matter, Johnson alleges that the original Notice of Removal, filed by Think Computer CEO Aaron Greenspan, is a nullity because a natural person cannot file on behalf of a

corporation, and the Amended Notice of Removal cannot correct the deficiency and must be stricken. Johnson is correct that a corporation must be represented by counsel in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."). However, such a defect in the Notice of Removal does not invalidate the filing if the error is subsequently remedied. *See Amzura Enterprises v. Ratcher,* 18 F. App'x 95, 101 (4th Cir. 2001) (finding that the court had jurisdiction over an appeal because although the notice of appeal on behalf of a corporate defendant was signed by the president of the company and not by a licensed attorney, the party promptly filed a corrected notice of appeal after being made aware of its error); *cf. Becker v. Montgomery*, 532 U.S. 757, 764, 768 (2001) (finding that a timely filed notice of appeal that was defective because it did not contain a signature but could be cured by the prompt filing of a corrected version). Likewise, here, Think Computer promptly filed an Amended Notice of Removal only five days after the original Notice was filed, and it was filed within the 30-day period for removal of the original Complaint. *See* 28 U.S.C. § 1446(b). Accordingly, the removal of the original Complaint does not fail as a result of the filing of a Notice of Removal by a non-attorney, and the Amended Notice of Removal need not be stricken.

## II. Motions to Remand

Johnson seeks remand of both cases to the Circuit Court on the grounds that the Court lacks subject matter jurisdiction. A defendant may remove a state court action to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Generally, federal district courts have original jurisdiction either if there is federal question jurisdiction, which occurs when there is a cause of action arising under federal law, 28 U.S.C. § 1331, or if there is diversity jurisdiction in that the parties are citizens of different states and the

amount in controversy exceed $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). Here, although Think Computer has asserted that there is diversity jurisdiction, Johnson argues that the amount-in-controversy requirement is not satisfied.

For purposes of diversity jurisdiction, "the sum demanded in good faith in the initial pleading [is generally] deemed to be the amount in controversy." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting 28 U.S.C. § 1446(c)(2)). If, however, the complaint "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). When a defendant, in removing a case to federal court, alleges the amount in controversy, that allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). However, when the issue is contested, the party invoking federal jurisdiction, in this case, Think Computer, has the burden of supporting its allegation "by competent proof" that the amount-in-controversy requirement is met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

**A. No. TDC-22-2422**

Because there have been multiple complaints and notices of removal filed, the Court first addresses which pleadings should be considered in assessing the amount-in-controversy requirement. "The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal[.]'" *Francis*, 709 F.3d at 367 (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). When a plaintiff amends the complaint after removal, the court considers "the original complaint[] rather than the amended complaints in determining whether removal was proper." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that the second amended complaint

should not have been considered because the right to remove is determined according to the pleading at the time of the petition for removal).

As discussed above, Circuit Court Case No. CAL22-21998 was removed to this Court as No. TDC-22-2422 by the Notice of Removal filed on September 23, 2022, at which time the operative pleading was the original Complaint. Although the Amended Notice of Removal was filed five days later, where its only material difference from the original Notice is the signatory, it was thus filed only to cure the signature defect in the original Complaint, and where it specifically addressed the original Complaint only, the Amended Notice of Removal did not alter the actual date of removal. Accordingly, the Court considers only the original Complaint in assessing whether there is subject matter jurisdiction over No. TDC-22-2422. Indeed, because the removal occurred on September 23, 2022, the additional complaints filed in the Circuit Court after that date should not have been accepted and are not appropriately considered. *See* 28 U.S.C. § 1446(d) (stating that once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded"); *Pinney*, 402 F.3d at 443; *Pullman Co.*, 305 U.S. at 537.

The original Complaint seeks damages "in an amount that does not exceed $25,000, as and for compensatory damages," as well as an unspecified amount of general, special, and punitive damages. Thus, the amount in controversy is presumptively $25,000. *See Francis*, 709 F.3d at 367. Think Computer nevertheless argues that where the $25,000 amount related to compensatory damages, the unspecified amounts of special, general, and punitive damages would exceed $50,000, which would bring the total claim to more than $75,000. In support of this argument, Think Computer seeks to estimate the amount of potential punitive damages based on references to out-of-circuit and non-binding cases, asserts that under Maryland law punitive damages "may often run above $50,000," and cites a U.S. Department of Justice study on the ratio of punitive to

compensatory damages in "the great majority of cases." Opp'n at 16, No. TDC-22-2422, ECF No. 28. Think Computer also summarily alleges that aggregating the general and special damages on Johnson's tort claims "could easily provide a basis for an award of general damages of $10,000 or more." *Id.* at 17. Based on the language of § 1332, and the fact that Johnson is self-represented and therefore will not be entitled to attorney's fees, Johnson's requests for attorney's fees and costs do not factor into the analysis.

Think Computer has not satisfied its burden. Think Computer has provided only conjecture and speculation based on unrelated cases and studies, not evidence that the amount in controversy in the present case exceeds $75,000. Such speculation cannot suffice to meet the amount-in-controversy requirement. *See, e.g., Osia v. Rent-a-Ctr., Inc.*, No. DKC 15-1200, 2015 WL 3932416, at *5 (D. Md. June 25, 2015) (finding that the amount-in-controversy requirement was not satisfied when the defendant offered no reasonable estimates relating to the specific case at hand and instead offered "conjectures about a potential recovery by producing docket sheets from cases litigated [in another court]"). Upon a review of the allegations in the Complaint, which center on the release of a single individual's personal identifying information and provide only general allegations of harm to the plaintiff without reference to any specific incidents, this Court does not find any basis upon which to agree with Think Computer's speculative assertions. "To allow the removal of this case based on Defendant's speculation as to the possible final damage award would eviscerate the amount in controversy requirement." *Id.* The Court therefore finds that it lacks subject matter jurisdiction over the original Complaint and will remand No. TDC-22-2422 to the Circuit Court.

**B. No. TDC-22-2573**

Case No. TDC-22-2573 was originated by the Notice of Removal filed on October 6, 2022. As noted above, by that date Circuit Court Case No. CAL22-21998 had already been removed to this Court, so the First Amended Complaint and Second Amended Complaint specifically filed in Case No. CAL22-21998 should not have been accepted by the Circuit Court. Rather, any amended complaint needed to be filed in this Court. Because the case was already removed, the amended pleadings are a nullity, and the October 6, 2022 Notice of Removal had no legal effect. *See* 28 U.S.C. § 1446(d). This second case must therefore be remanded back to the Circuit Court.

If the Court were to consider that Notice of Removal to have properly removed the case for a second time, or to have removed a separate case, the operative complaint at the time of the filing of that Notice was the Second Amended Complaint. *See Francis*, 709 F.3d at 367. Although Think Computer argues that the Second Amended Complaint should not be considered because it was not properly served, the lack of service does not prevent a defendant from removing a case to federal court. *See* 28 U.S.C. § 1446(b) (stating that a notice of removal "shall be filed within 30 days after the receipt by the defendant, by service or otherwise"); *Schwartz Bros. v. Striped Horse Recs.*, 745 F. Supp. 338, 340 (D. Md. 1990) (holding that the 30-day period to remove under § 1446(b) begins to run when the defendant receives the complaint, regardless of whether proper service has been perfected, because the defend then "has sufficient information to determine" whether removal is warranted).

The Second Amended Complaint seeks as relief damages "in an amount that does not exceed $70,000, as and for compensatory, punitive, general, special, and statutory damages[.]" SAC at 15. This demand specifically alleges that the total amount of financial compensation sought is capped at $70,000. If a plaintiff chooses to "resort to the expedient of suing for less than

the jurisdictional amount," even if the plaintiff "would be justly entitled to more," the defendant "cannot remove" the case. *St. Paul Mercery Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *see also Osia*, 2015 WL 3932416, at *1 (D. Md. June 25, 2015) (citing *St. Paul Mercury Indem. Co.*); *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*, No. 13-01089, 2013 WL 2181206, at *2 (D. Md. May 17, 2013) (same). Thus, on its face, the Court lacks subject matter jurisdiction over the Second Amended Complaint.

Think Computer nevertheless argues that the Court should add more than $5,000 to the $70,000 amount in controversy based on Johnson's request for injunctive relief in the form of the cessation of the publication or dissemination of his personal identifying information. "[R]equests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The value of an injunction "for amount in controversy purposes" is ascertained "by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *Id.*

Think Computer has not demonstrated that Johnson's proposed injunction exceeds $5,000 under either measure. "[T]he relevant inquiry is whether the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief[,] exceeds $75,000.'" *See Brennan v. Stevenson,* No. JKB-15-2931, 2015 WL 7454109, at *4 (D. Md. Nov. 24, 2015) (quoting *Mostofi v. CitiMortgage, Inc.*, No. DKC-11-2177, 2011 WL 4596225, at *3 (D. Md. Sept. 30, 2011)). As with its other arguments, Think Computer's theories on this issue are entirely speculative and unconvincing. Think Computer has provided no basis to show that the value of an injunction to Johnson would have any particular monetary value beyond the damages separately sought. Notably, in another case in this District, the court rejected a substantially similar argument. In *Brennan*, where the plaintiff sought only $70,000 in a

defamation case, the court rejected the argument that the additional claim for injunctive relief should be valued at over $5,000 because quantification of the value of the injunction to the plaintiff was "an exercise in speculation" and not subject to evaluation by the court at the pleading stage. *See id.* at *4-5. As for the harm of the injunction to the defendant, Think Computer argues that its right to "free speech" would be harmed by more than $5,000 because it would be unable to comment on Johnson. Opp'n at 22. Again, *Brennan* rejected a similar argument and did so even where the plaintiff was arguably a public figure about whom the defendant had a specific interest in expressing views. *See id.* at *5. Here, the claim that Think Computer has any meaningful interest in engaging in speech about Johnson and that it should be valued at over $5,000 is entirely unconvincing. Finally, Think Computer's reference to a harm to the public interest does not relate to the cost to either the plaintiff or the defendant and is thus irrelevant. Accordingly, even if this Court were to construe Case No. 22-2573 as relating to a properly removed state case, the Court finds that the operative pleading does not meet the amount-in-controversy requirement for diversity jurisdiction and thus will remand the case for lack of subject matter jurisdiction.

Considered together, Think Computer's arguments to increase the amount in controversy above the amount specifically asserted by Johnson require the Court to "engage in conjecture, speculation, or judicial star gazing to determine jurisdiction." *Id.* (citation omitted). The Court declines Think Computer's invitation to manufacture subject matter jurisdiction where none exists and will grant the Motions to Remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Strike the Amended Notice of Removal and to Remand will be GRANTED IN PART and DENIED IN PART. The Motions will be granted in that the Court will remand Case Nos. TDC-22-2242 and TDC-22-2573 based on a lack

of subject matter jurisdiction. The Motions will be denied as to the request to strike the Amended Notice of Removal. A separate Order shall issue.

Date: May 31, 2023

THEODORE D. CHUANG
United States District Judge